UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                   :
ALEXANDER WILLIAMS,                                :
                                                   :
                          Plaintiff,               :      **ORDER**
                                                   :
              - against -                          :      13 Civ. 3231 (BMC) (LB)
                                                   :
DT. ZOLAN DOBROSSY, Shield No. 2563;               :
DT. RAYMOND GORDON, Shield No. 4592;               :
P.O. GARY STOPA, Shield No. 6459; NYC              :
Police Department, County of New York              :
District Attorney Office; ADA KATE SPOTA;          :
each person sued in their individual and official  :
capacity,                                          :
                                                   :
                          Defendants.              :
-------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* commenced this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986,

seeking damages, injunctive relief, and release from custody.  The Court grants plaintiff's

request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, and dismisses the

complaint as set forth below.

## BACKGROUND

Plaintiff alleges he was falsely arrested in Kings County on or about September 1, 2010

by defendant officers Dobrossy, Gordon and Stopa, and that he was tried by the Special

Narcotics Bureau in New York County in violation of his Sixth Amendment rights.  Plaintiff

further alleges a claim of malicious prosecution and states that his arrest was made in retaliation

for grievances and civil rights complaints he has filed "against multiple plainclothes detectives

from the 79th Precinct."  Plaintiff does not provide the actual dates of his arrest and conviction,

but the Court takes judicial notice that plaintiff was remanded into state custody on April 16,

2013 to serve a sentence of four and one-half years imprisonment for the criminal sale of a controlled substance in the third degree and bail jumping in the first degree.  See http://nysdoccslookup.doccs. ny.gov/GCA00P00/WIQ1/WINQ000 (last visited 7/16/13). Plaintiff also alleges that defendants, including the prosecutor who handled his criminal case, conspired to deprive him of his constitutional rights.

## DISCUSSION

### A.  Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).  A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009).  As the Supreme Court explained, the plausibility standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 678, 129 S. Ct. 1937.  A pleading that offers "labels and conclusions" will not do.  Twombly, 550 U.S. at 555, 127 S. Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."  Id. at 557, 127 S. Ct. 1955.

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to liberally construe plaintiff's complaint and interpret the allegations to raise the strongest arguments that they suggest.  See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471 (2d Cir. 2006).  Nevertheless, the Court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, the Court is required to dismiss *sua sponte* an IFP action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## B. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law, and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (internal quotation omitted).

### 1. New York City Police Department

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." See Jenkins v. City of New York, 478 F.3d 76, 93 n. 19 (2d Cir. 2007) (quoting N.Y.C. Charter § 396 (2009)). That provision has been construed to mean that New York City departments and agencies, such as the Police Department ("NYPD"), as distinct from the City itself, lack the capacity to be sued. See Jenkins; Ximines v. George Wingate High Sch., 516 F.3d 156 (2d Cir.

2008) (per curiam).  Since the NYPD is not a suable entity, the claims against it must be dismissed for failure to state a claim.

> 2. New York County District Attorney's Office

Similarly, plaintiff cannot name the New York County District Attorney's Office ("D.A. Office") as a defendant because the D.A. Office is not a suable entity.  The capacity of the D.A. Office to be sued is determined by New York law, and under New York law, the D.A. Office does not have a legal existence separate from the District Attorney.  See Woodward v. Office of the District Attorney, 689 F.Supp.2d 655 (S.D.N.Y. 2010).

Moreover, because plaintiff seeks damages, any claims against the D.A. Office are also barred by the Eleventh Amendment.  See Woodward, 689 F.Supp.2d at 659.  Because the D.A. Office is an agency of the State of New York, see Ying Jing Gan v. City of New York, 996 F.2d 522 (2d Cir. 1993), and because the state has not consented to suit nor has Congress abrogated the state's immunity, any claims seeking damages against the D.A. Office are also barred by the Eleventh Amendment and must be dismissed.

> 3. Assistant District Attorney Kate Spota

Plaintiff also sues Assistant District Attorney ("ADA") Kate Spota for malicious prosecution, alleging that ADA Spota failed to investigate sufficiently plaintiff's case. However, prosecutors generally enjoy absolute immunity from liability in suits seeking damages for acts carried out in their prosecutorial capacities.  See Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984 (1976).  Such immunity typically applies when an prosecutor acts as "an officer of the court."  Van de Kamp v. Goldstein, 555 U.S. 335, 342-43, 129 S. Ct. 855 (2009). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate."  Hill v.

City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (quoting Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)).  A prosecutor is even entitled to absolute immunity in the face of allegations of "knowing use of perjured testimony" and the "deliberate withholding of exculpatory information."  See Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (quotation and citations omitted).  Because the facts alleged in the complaint against ADA Spota concern quintessential prosecutorial functions which fall squarely within the scope of absolute immunity, the claims against defendant Spota must be dismissed.

> 4.  Malicious Prosecution

Plaintiff's claim of malicious prosecution against the remaining defendants must also be dismissed.  The elements of a § 1983 malicious prosecution claim require plaintiff to show that (1) defendants initiated a prosecution against plaintiff, (2) defendants lacked probable cause to believe the proceeding could succeed, (3) defendants acted with malice, and (4) the prosecution was terminated in plaintiff's favor.  Kinzer v. Jackson, 316 F.3d 139 (2d Cir. 2003).

Here, plaintiff fails to allege that the prosecution terminated in his favor.  The Court has taken judicial notice that plaintiff was remanded to state custody on April 16, 2013 to serve a sentence for criminal sale of a controlled substance in the third degree and for bail jumping in the first degree.  Given his conviction for criminal sale of a controlled substance in the third degree, the Court finds that plaintiff would not be able to state, under any circumstances, a plausible claim for malicious prosecution and therefore plaintiff's claim must be dismissed for failure to state a claim.

5. <u>False Arrest</u>

Similarly, plaintiff cannot prevail on his false arrest claim against defendants Dobrossy, Gordon and Stopa.  In <u>Heck v. Humphrey</u>, 512 U.S. 477, 489, 114 S. Ct. 2364 (1994), the Supreme Court held that:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

<u>Id</u>. at 486-87, 114 S. Ct. 2364.  The underlying basis for the holding in <u>Heck v. Humphrey</u>, is "that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  <u>Id.</u> at 486, 114 S. Ct. 2364.

Because a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence and because plaintiff fails to allege that his conviction has been invalidated, plaintiff's § 1983 claims seeking damages against defendants Dobrossy, Gordon and Stopa is dismissed without prejudice to refile if the underlying judgment of conviction is invalidated.  <u>See Amaker v. Weiner</u>, 179 F.3d 48, 52 (2d Cir. 1999).

6. <u>Conspiracy Claims under §§ 1985 and 1986</u>

As to plaintiff's allegations of conspiracy to deprive him of his constitutional rights, the claim is dismissed as to all defendants.  Plaintiff has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive him of his rights.  <u>See Ostrer v. Aronwald</u>, 567 F.2d 551 (2d Cir. 1977) (per curiam).  Claims of conspiracy that are vague and provide no basis in fact must be dismissed.  <u>Gallop v. Cheney</u>, 642 F.3d 364, 369 (2d Cir. 2011) (finding

allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators).  Aside from his conclusory statement that defendant officers were out to get him because he had previously filed grievances against "plainclothes officers from the 79th Precinct," plaintiff's complaint alleges no facts upon which it may be plausibly inferred that defendants came to an agreement to violate his constitutional rights.  Because plaintiff fails to state a claim under §1985, he does not have a basis for proceeding under §1986.  See Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085 (2d Cir. 1993).

 7.  Habeas Corpus Relief

 Finally, since plaintiff also seeks to be released from custody, the Court will treat that portion of the complaint as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973).  A state prisoner, however, may not circumvent the exhaustion prerequisites for habeas corpus relief by requesting such relief under § 1983.  Id. at 489-90, 93 S. Ct. 1827.  In order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i)(ii).  To meet the exhaustion requirement, a federal claim must be presented to the highest court before a federal court may consider the petition.  See Picard v. Connor, 404 U.S. 270, 92 S. Ct. 509 (1972); Daye v. Attorney General, 696 F.2d 186 (2d Cir. 1982).  Since the present pleadings do not demonstrate that plaintiff exhausted the available state remedies in accordance with 28 U.S.C. § 2254(b) and (c), the petition must be dismissed.  See Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982).

## CONCLUSION

Accordingly, the complaint is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).  Plaintiff's request for habeas corpus relief is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
         July 16, 2013